**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Eli R. Greenstein (Bar No. 217945)
egreenstein@ktmc.com
Stacey Kaplan (Bar No. 241989)
skaplan@ktmc.com
Jenny Paquette (Bar No. 321561)
jpaquette@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Natalie Lesser
nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DARLEEN ALLWEIN, AS ASSIGNEE OF JUDITH L. HYLAND, on behalf of herself and all others similarly situated, | Case No. 5:19-cv-2567 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| INTUIT INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

JURISDICTION AND VENUE ........................................................................................... 3

PARTIES ............................................................................................................................. 4

FACTUAL ALLEGATIONS ............................................................................................... 4

      I.      Intuit Agrees to Participate in the IRS's Free File Program ....................................... 4

      II.     Intuit Offers a Deceptive Range of TurboTax Products ............................................. 9

      III.    Intuit Hides its Free Product—Freedom Edition ...................................................... 10

      IV.    Intuit Fraudulently Induced Free File Program-Eligible Filers to Purchase TurboTax Paid Products ........................................................................................... 14

TOLLING OF THE STATUTE OF LIMITATIONS AND ESTOPPEL ........................................ 16

CLASS ACTION ALLEGATIONS ...................................................................................... 17

DEMAND FOR JURY TRIAL ............................................................................................ 33

The allegations herein are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to all other matters based on investigation by counsel.[1]

**INTRODUCTION**

1.      Plaintiff Darleen Allwein ("Plaintiff"), assignee of Judith L. Hyland, brings this class action against Intuit Inc. ("Intuit" or "Defendant"), individually and on behalf of all persons in the United States who paid to file their taxes using Intuit's "TurboTax" electronic tax preparation and filing software, despite qualifying for the Internal Revenue Service's ("IRS") "Free File Program," for Defendant's violations of common and statutory law, false advertising, and deceptive, unfair, and fraudulent trade practices.

2.      TurboTax is the market leading electronic tax preparation and filing software in the United States, with approximately 36.4 million users per year.  With knowledge that the vast majority of those users—the lowest earning seventy percent of American taxpayers—qualify to file their taxes online for free using TurboTax, Intuit defrauded Plaintiff and Class members (defined below) by actively concealing public access to the IRS's Free File Program.  In addition, Intuit employed deceptive and misleading advertising to fraudulently induce taxpayers into unnecessarily purchasing costly TurboTax products when they were eligible for free services pursuant to Intuit's agreement with the IRS.

3.      In 2002, Intuit and a group of electronic tax preparation and filing companies (the "Consortium") agreed to provide a free version of their commercial products to lower-income Americans, in exchange for the IRS's commitment to "not compete with the Consortium in providing free, online tax return preparation and filing services to taxpayers" (the "Free File Program").[2]  This Free File Program, created in November 2002 and revised multiple times thereafter, originally required that the members of the Consortium offer their services for free to at least sixty percent of

---

[1]      Counsel's investigation includes an analysis of publicly available information include news articles and reports, including corporate filings of Defendant, government publications, and additional analysis.  Plaintiff believes that a reasonable opportunity for discovery will provide further support for the claims alleged herein.

[2]      *See* IRS' Intent to Enter Into an Agreement With Free File Alliance, LLC (i.e., Free File Alliance), 67 Fed. Reg. 67247 (Nov. 4, 2002).

CLASS ACTION COMPLAINT                                                                                          1

all taxpayers overall, with the individual members allowed to implement their own additional criteria, such as age, income, state residency, or military service.

4.     Pursuant to the most recent Memorandum of Understanding ("MOU") governing the Free File Program,[3] the lowest-earning seventy percent of taxpayers based on Adjusted Gross Income ("AGI") (currently anyone with an AGI of $66,000 or less) are eligible to prepare and file their federal tax return, through any of several commercial providers, including Intuit's TurboTax, at no cost.

5.     According to the government, the goal of the Free File Program is to implement the IRS's public policy of "extending the benefits of online federal tax preparation and electronic filing to economically disadvantaged and underserved populations at no cost to either the individual user or to the public treasury."

6.     Yet, despite institution of the Free File Program, only a small percentage of American taxpayers file their faxes for free.  For example, in fiscal year 2018, *fewer than 2.5 million of the 100 million* eligible taxpayers (less than 2.5%) participated in the Free File Program.[4]

7.     This low participation rate is no accident.  Intuit has taken deliberate efforts to hide its fully-functional Free File Program-compliant product—TurboTax Freedom Edition ("Freedom Edition"), while at the same time aggressively marketing as "free" a version of their software with limited functionality that is useless to all but those with the simplest of tax returns—TurboTax Free Edition ("Free Edition").

8.     The names of Intuit's two products are confusingly similar as is the branding of Free Edition as "free," which Intuit uses to deceive customers into starting to prepare their returns with the limited-functionality Free Edition software, and then markets costly upgrades required to complete users' tax preparation and filing.  Even after consumers input information confirming they are eligible for TurboTax's full-featured File Program-compliant product—Freedom Edition—Intuit does not offer the truly free Freedom Edition product and instead markets product upgrades and upsells—

---

[3]     *See* I.R.S., "Eighth Memorandum of Understanding on Service Standards and Disputes, Between the Internal Revenue Service and Free File, Incorporated" ("Eighth MOU").

[4]     *National Taxpayer Advocate delivers annual report to Congress: Addresses impact of shutdown; urges more funding for IT modernization*, I.R.S. (Feb. 12, 2019), https://www.irs.gov/newsroom/national-taxpayer-advocate-delivers-annual-report-to-congress-addresses-impact-of-shutdown-urges-more-funding-for-it-modernization.

CLASS ACTION COMPLAINT                                                                              2

which would be unnecessary if Freedom Edition was provided. Such marketing tactics are specifically prohibited from being used on filers eligible for the Free Filing Program under the terms of Intuit's agreement with the IRS.

9.      Intuit's false advertising and deceptive and fraudulent scheme has successfully maintained Defendant's high profits despite Intuit's agreement with the government to provide TurboTax to the majority of Americans for free.  In fiscal year 2018, Intuit reported revenue of nearly $6 billion, up fifteen percent from fiscal year 2017, of which approximately $2.5 billion resulted from its consumer-facing business.[5]

10.      Plaintiff and members of the Classes have suffered harm as a result of Defendant's false advertising, fraudulent conduct, and unfair, unlawful and deceptive trade practices while Defendant has been unjustly enriched.  For example, Judith L. Hyland unnecessarily spent $119.98—almost 29% of her $414 AGI—on a TurboTax product, when she was clearly eligible for free tax preparation and filing under the Free File Program.

11.      Intuit's conduct is oppressive, immoral and unscrupulous such that Intuit should be enjoined from further engaging in the conduct alleged herein and should be required to refund all monies Plaintiff and Class members paid for tax preparation and filing services.

12.      Plaintiff and members of the Classes seek damages, injunctive relief, and restitution for all filers who paid Intuit for TurboTax products from 2002 forward when they were in fact eligible to file for free under the IRS's Free File Program.

## JURISDICTION AND VENUE

13.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are more than 100 members of the Classes, members of the Classes (as defined below) are citizens of states different from Defendant, and greater than two-thirds of the members of the Classes reside in states other than the state in which Defendant is a citizen.  This

---

[5]      Intuit Inc., Annual Report (Form 10-K), at 32 (Aug. 31, 2018).

Court has jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367 and by virtue of diversity jurisdiction being exercised under the Class Action Fairness Act ("CAFA").

14.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because Intuit maintains its principal place of business in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant conducts a substantial amount of business in this District.  Defendant also marketed and advertised it TurboTax products in this District.  Accordingly, Defendant has sufficient contacts with this District to subject it to personal jurisdiction in the District and venue is proper.

## PARTIES

15.     Plaintiff Darleen Allwein, assignee of Judith L. Hyland, is a citizen of the state of Maryland and resides in Annapolis, Maryland.  Darleen Allwein has a valid assignment of claims from Judith L. Hyland to prosecute the claims asserted herein.

16.     Assignor Judith L. Hyland, is a citizen of the state of Maryland and resides in Annapolis, Maryland.  On or about March 18, 2019, Judith Hyland filed her federal and state taxes for the year ended December 31, 2018, online with Intuit using its TurboTax platform, for which she was charged $119.98.  Ms. Hyland's adjusted gross income for the relevant period was just $414.

17.     Defendant Intuit Inc. is a Delaware corporation with its headquarters in Mountain View, California.  Intuit is the maker of TurboTax, a series of widely used electronic tax preparation and filing software products and services, and is a member of the Free File Alliance, a nonprofit coalition of twelve tax software companies under an agreement with the IRS to provide free electronic tax services to eligible American taxpayers—the Free File Program.

## FACTUAL ALLEGATIONS

I.     **Intuit Agrees to Participate in the IRS's Free File Program**

18.     Intuit has long been the market leader in the online tax preparation industry and currently services approximately sixty percent of the market or approximately 36 million filers in

2017.  According to Intuit's website, "[m]ore federal returns are prepared with [Intuit's flagship] TurboTax than any other tax preparation provider."[6]

19.     On October 30, 2002, Intuit and a consortium of electronic tax filing companies entered into an agreement with the IRS entitled "Free Online Electronic Tax Filing Agreement" (the "Free File Agreement").  The purpose of the Free File Agreement was to provide free electronic tax return preparation and filing for lower-income taxpayers.[7]

20.     The Free File Agreement sought to meet certain objectives of the IRS, including, *inter alia*, "[m]aking tax return preparation and filing easier and reducing the burden on individual taxpayers" and "[s]upporting the IRS's statutory goal of increased e-filing."[8]

21.     A consortium of electronic tax filing companies formed a non-profit corporation—the "Free File Alliance, LLC"[9] (referred to hereafter as the "Consortium")—to enter into the Free File Agreement with the IRS and thereby promised to provide a free version of their commercial products to lower-income Americans.

22.     Pursuant to the first Free File Agreement, Intuit, as part of the Consortium, agreed to collectively offer free online tax return preparation and filing services to at least sixty percent of taxpayers in the aggregate.[10]  In return for agreeing to provide these services for free, the IRS agreed to "not compete with the [Free File Alliance] in providing free, online tax return preparation and filing services to taxpayers."[11]

23.     The IRS and the Free File Alliance renewed the Free File Agreement in 2005 to cover four future tax filing seasons, through the 2005 Free File Agreement (the "2005 Free File

---

[6]     *See* INTUIT TURBOTAX,  https://turbotax.intuit.com/personal-taxes/online/e-file-taxes/  (last visited May 13, 2019).

[7]     2002 Free File Agreement (Oct. 30, 2002), https://www.irs.gov/pub/irs-utl/2002-free-online-electronic-tax-filing-agreement.pdf ("2002 Free File Agreement").

[8]     *Id.*

[9]     The Free File Alliance, LLC subsequently changed its name to Free File, Inc.

[10]     2002 Free File Agreement.

[11]     2002 Free File Agreement.

Agreement").[12]    In order "to serve the greater good and to ensure the long-term stability of the Alliance" and given that "the scope of th[e] Free File Program is focused on covering the taxpayers least able to afford e-filing their returns on their own," the 2005 Free File Agreement widened the program to cover the lowest-earning seventy percent of taxpayers based on AGI.[13]

24.    Additionally the IRS and the Free File Alliance also created a sequential series of Memoranda of Understandings (each by itself an "MOU") regarding the implementation of the Free File Agreement.  The stated objective of the Free File Agreement has been repeatedly affirmed and was explained in the First Memorandum of Understanding ("First MOU").  The First MOU highlighted the Free File Program's goal of providing services to "the taxpayers least able to afford e-filing their returns on their own" and confirmed that, "[i]n recognition of this commitment, the federal government has pledged to not enter the tax preparation software and e-filing services marketplace."[14]  This sentiment has been repeated in subsequent MOUs.[15]

25.    The Seventh MOU, enacted for a five-year term, was effective from March 6, 2015, until October 31, 2018, when it was superseded by the Eighth MOU on October 31, 2018.  The Eighth MOU is currently in effect and is set to expire on October 31, 2021.[16]

26.    The Free File Program, intended to implement the IRS's public policy of "extending the benefits of online federal tax preparation and electronic filing to economically disadvantaged and underserved populations at no cost to either the individual user or to the public treasury,"[17] has fallen far short achieving its intended effect.  The IRS reported last year that only 51.1 million federal tax returns had been filed using the Free File Program across the *entirety of the Free File Program's*

---

[12]    2005 Free File Agreement, (Oct. 30, 2005) https://www.irs.gov/pub/irs-utl/2005-free-online-electronic-tax-filing-agreement.pdf.

[13]    I.R.S., "Free Online Electronic Tax Filing Agreement" (Oct. 30, 2005) sec. I.C.

[14]    First MOU, art. II.

[15]    S*ee also* I.R.S., "Seventh Memorandum of Understanding on Service Standards and Disputes, Between the Internal Revenue Service and Free File, Incorporated" ("Seventh MOU"), art. 2; I.R.S., "Eighth Memorandum of Understanding on Service Standards and Disputes, Between the Internal Revenue Service and Free File, Incorporated" ("Eighth MOU"), art. 2.

[16]    Throughout this Complaint, the terms "Free File Agreement" and "MOU" refer, respectively, to the operative versions of the Free File Agreement and MOU in effect at the relevant time, while the "Free File Program" is used to refer to the Free File Program as a whole.

[17]    Eighth MOU, art. 2; *see* Seventh MOU, art. 2.

*existence*—representing only 3% of eligible filers.[18]  For fiscal year 2018, the IRS reported that of the more than 100 million taxpayers were eligible to participate in the Free File Program, only about 2.5 million did, a figure accounting for less than 2.5 percent of eligible Free File Program participants.[19]

27.     Article 2 of both the Seventh and Eighth MOUs unambiguously states that Free File members like Intuit "shall … [m]ake tax return preparation and filing easier and reduce the burden on individual taxpayers, particularly the economically disadvantaged and underserved populations," and shall also "[p]rovide greater service and access to the [Free File] Services to taxpayers."[20]

28.     Again, the IRS's stated goal of improving low-income taxpayer access to high-quality commercial products at no cost—and of protecting such vulnerable populations from being misled into unnecessarily paying for such services—is also repeated in several provisions of the Seventh and Eighth MOUs, the Free File Agreement, and the IRS's responses to public comments published in the Federal Register.

29.     Under the Free File Agreement, Intuit agreed to coordinate with the IRS and the other providers to ensure that "their respective marketing of these Free Services . . .  provide[s] uniformity" and "maximize public awareness."[21]  In 2002, the IRS wrote in the Federal Register: "The Agreement … provides that taxpayers will not have to go through additional steps or barriers to access the Free Service, beyond those steps required or imposed to access the comparable paid service."[22]  The IRS further directed that the Free File Program was expected to offer products "equivalent to those offered

---

[18]     *See Tax Time Guide: Try Money-Saving IRS Free File*, I.R.S. (Mar. 1, 2018), https://www.irs.gov/newsroom/tax-time-guide-try-money-saving-irs-freefile; "*Tax Maze: How the Tax Prep Industry Blocks Government from Making Tax Day Easier*" Office of Sen. Elizabeth Warren (Apr. 4, 2016), at 1, https://www.warren.senate.gov/files/documents/Tax_Maze_Report.pdf.

[19]     *National Taxpayer Advocate delivers annual report to Congress: Addresses impact of shutdown; urges more funding for IT modernization*, *supra* note 4.

[20]     Eighth MOU, arts. 2.1, 2.3; Seventh MOU, arts. 2.1, 2.3.

[21]     2002 Free File Agreement, sec. VI.A (emphasis added).

[22]     IRS' Intent to Enter Into an Agreement With Free File Alliance, LLC (i.e., Free File Alliance), 67 Fed. Reg. at 67248.

CLASS ACTION COMPLAINT                                                                7

for sale on the commercial market," providing "all of the features and operability of those commercial products.[23]

30.     Indeed, the Free File Alliance was specifically designed to prevent the redirection of lower-income individual to the providers' paid products.  Intuit and the other providers explicitly agreed that "[n]o marketing, soliciting, sales or selling activity, or electronic links to such activity, are permitted in the Free File Program," except for state tax returns or where the user proves to be ineligible for the Free File product.[24]  Additionally, the Eighth MOU added that "Members shall not include a 'value added' button (i.e., an icon, link or any functionality that provides a taxpayer with access to a Member's commercial products or services) on the Member's Free File Landing Page."[25] While the Seventh MOU did allow "value-added" buttons to be listed on the bottom of a Free File Landing Page, it also expressly provided that "[t]he Member shall have a prominent link permitting taxpayers on a Member's Paid Service Offering Page to easily and clearly return to the Member Free File Landing Page."[26]

31.     Both the Seventh and Eighth MOUs also prohibit "requesting or collecting bank/financial information (e.g., debit/credit card information) from customers who qualify for a free return where no state tax return products have been purchased."[27]

32.     The Eighth MOU also sets forth specific rules to ensure that consumers who do not qualify for a particular member's Free File product (because, for example, the member imposes a lower income eligibility threshold, as Intuit does) are first redirected to other members' Free File products, for which they might be eligible, before being offered a member's paid products.[28]

33.     Intuit has violated each of these provisions, among others.

---

[23]     *Id.*

[24]     Eighth MOU, art. 4.32.5; *see* Seventh MOU, art. 4.33.

[25]     Eighth MOU, art. 4.32.6.

[26]     Seventh MOU, art. 4.33.7.

[27]     Eighth MOU, art. 4.19.4; Seventh MOU, art. 4.20.4.

[28]     Eighth MOU, art. 4.19.2.

34.     Intuit has been a participant in the Free File Program since its 2002 inception.  Indeed, in their annual SEC filings, Intuit credits the Free File Program with keeping the federal government from being a "direct competitor" to its offerings.  As Intuit explained in its Form 10-K SEC filing for fiscal year 2004 describing "risks that could affect future results," "[a]gencies of the U.S. government have made several attempts during the two most recent presidential administrations to offer taxpayers a form of free tax preparation software and filing service."[29]

II.     **Intuit Offers a Deceptive Range of TurboTax Products**

35.     Pursuant to the Free File Agreement, Intuit offers a free online tax preparation and filing product called TurboTax "Freedom Edition" that is a part of the IRS Free File Program. Anyone who (i) has an AGI of $34,000 or less, (ii) is eligible for the Earned Income Tax Credit, or (iii) is on active military duty and has an AGI of $66,000 or less is eligible to use TurboTax Freedom Edition.

36.     Turbo Tax Freedom Edition is fully-functional software designed to facilitate the e-filing of federal tax returns for free, no matter how complicated.  Freedom Edition supports the basic IRS Form 1040, as well as 125 additional federal tax forms, including but not limited to, Schedules 1 through 6, 1099-MISC, and 1040 Schedules A, B, C, D, E, EIC, F, H, and J.  Thus, there is no need for those who are eligible to use Freedom Edition to purchase TurboTax paid products.

37.     Intuit also offers a separate free online tax product, TurboTax "Free Edition," which has no relation to the Free File Program and has limited functionality such that it can only be used to prepare and file the most basic of taxes.

38.     TurboTax Free Edition is a very basic program that provides e-filing services for simple tax returns, i.e., "simple tax returns that can be filed on Form 1040 without any attached schedules."  The only taxpayers who can complete and file their returns using TurboTax Free Edition for free are those that: (i) have W-2 income; (ii) have limited interest and dividend income reported on a 1099-INT or 1099-DIV; (iii) claim the standard deduction; (iv) claim the Earned Income Tax Credit (EIC); and/or (v) claim child tax credits.

---

[29]     Intuit Inc., Annual Report (Form 10-K), at 38 (Sept. 24, 2004).

39.     TurboTax Free Edition cannot be used by taxpayers who need to file additional forms or schedules as part of their tax return, such as itemized deductions (Schedule A), 1099-MISC income (Schedule C), or credits, deductions, and income reported on Schedules 1 through 6.  Rather, these taxpayers are instructed by Intuit to upgrade to more expensive TurboTax products in order to complete their return filing.  Intuit never informs those taxpayers that they can access Freedom Edition to prepare and file their returns for free, but rather fraudulently conceals this fact.

40.     As a result, a large number of low-income taxpayers, including individuals working as "freelancers," anyone classified as "independent contractors" who are paid with Form 1099-MISC. and anyone paying off student loans or who has a health savings account, cannot use TurboTax Free Edition without upgrading to a fee-based Intuit product.

41.     However, many of these taxpayers meet one of the three income eligibility thresholds for TurboTax Freedom Edition, and could successfully complete their tax return for free using TurboTax Freedom Edition.  Accordingly, these taxpayers who are unable to complete their tax returns for free using TurboTax Free Edition, due to its limited functionality, could qualify for and complete their tax returns for free using TurboTax "Freedom Edition," which supports virtually all federal tax forms.

42.     In addition to these two "free" online TurboTax products, Intuit also offers three paid TurboTax online products: "Deluxe," starting at $59.99 for federal returns (additional for state); "Premier," starting at $79.99; and "Self-Employed," starting at $119.99 (collectively, TurboTax "Paid Products"), as well as a variety of add-on products and services.

III.    **Intuit Hides its Free Product—Freedom Edition**

43.     As described above, Intuit purportedly provides two free tax return filing programs, Free Edition and Freedom Edition, but only Freedom Edition is provided pursuant to the Free File Agreement and as a part of the Free File Program.

44.     Intuit has made Freedom Edition incredibly difficult, if not impossible, to access.

45.     In order to deceive consumers, Intuit has ensured that TurboTax Freedom Edition is not available through TurboTax's homepage website, https://turbotax.intuit.com ("TurboTax

---

CLASS ACTION COMPLAINT                                                                                    10

Homepage").  Only TurboTax Free Edition and its three other paid products can be accessed directly from the TurboTax Homepage.

46.     Instead, TurboTax Freedom Edition can only be accessed through an entirely separate and distinct website, https://turbotax.intuit.com/taxfreedom ("TurboTax Freedom Website")—which no reasonable consumer would know to search for when searching for free tax preparation and filing services.  While the TurboTax Freedom Website cannot be accessed from the TurboTax Homepage, the top result for a Google search of the terms "turbotax" or "turbotax free" leads to the TurboTax Homepage—*not* the TurboTax Freedom Website.  Thus, Intuit has ensured that the majority of consumers looking for free TurboTax products under the Free File Program never become aware of the existence, functionality or applicability of TurboTax Freedom Edition.

47.     Intuit also deliberately hid its TurboTax Freedom Website from consumers by adding a line of code to the website that prevented it from appearing in any online search results.  As of April 26, 2019, even a search for the terms "turbotax free file" and "turbotax freedom edition" did not yield search results containing the TurboTax Freedom Website.

48.     Intuit's deception was achieved by adding the following instruction code on the TurboTax Freedom Website: <meta name>="robots" content="noindex, nofollow">.  A "robots meta tag" allows a website to control how Google and other search engines make content available to users through search results.  A robots meta tag of "noindex" instructs search engines, "[d]o not show this page in search results and do not show a 'Cached' link in search results," while a robots meta tag of "nofollow" instructs, "[d]o not follow the links on this page."[30]  According to Google Support, "[i]f you wish to explicitly block a page from being indexed, you should … use the noindex robots meta tag," which effectively "guarantee[s] that a page will not appear in results."[31]

---

[30]     *Robots meta tag and X-Robots-Tag HTTP header specifications*, GOOGLE, https://developers.google.com/search/reference/robots_meta_tag (last updated Sept. 13, 2018).

[31]     *About robots.txt Robots FAQs*, GOOGLE, https://support.google.com/webmasters/answer/7424835?hl=en (last visited May 13, 2019).

49.    Intuit only changed the code on its TurboTax Freedom Website so that it would be visible on Google and other search engines, after the nonprofit investigative newsroom ProPublica exposed Intuit's deceptive practices in an article published April 26, 2019.[32]

50.    Upon information and belief, Intuit took further actions to steer its customers who qualified for the Free File Program to TurboTax Free Edition instead of TurboTax Freedom Edition. Intuit did so through its advertising, by purchasing Google Search Ads (which display at the top of Google search results when triggered by the advertiser's pre-selected keywords) for the TurboTax Homepage, and choosing keywords associated with the IRS Free File program.[33]

51.    According to a ProPublica report dated April 22, 2019, a Google search for "irs free file taxes," resulted in a paid ad displayed above search results for the TurboTax Homepage, advertising "TurboTax Free | Free IRS Fed Filing Online."[34]

52.    Intuit concealed and suppressed the distinction between Freedom Edition and Free Edition to falsely convince Free File Program-eligible filers that they were unable to prepare and file their taxes for free, despite Defendant's participation in the Free File Program, and to charge Plaintiff and Class members for tax preparation and filing through other TurboTax paid products.

53.    Intuit did so by omitting TurboTax Freedom from the TurboTax Homepage and by marketing TurboTax Free Edition as free and of high quality, when it was in fact of limited functionality, ensuring that Plaintiff and Class members would purchase upgraded and costly services that were in fact available to those same consumers for free through Freedom Edition.

---

[32]    Justin Elliott, *TurboTax Deliberately Hid Its Free File Page From Search Engines*, PROPUBLICA (Apr. 26, 2019, 10:32 AM), https://www.propublica.org/article/turbotax-deliberately-hides-its-free-file-page-from-search-engines.

[33]    Google Ads explains, "[k]eywords are phrases that you choose to determine when and where your ad can appear. They're matched to terms that people search for or web content that they view." *Keywords*, GOOGLE, https://support.google.com/google-ads/topic/3119130?hl=en&ref_topic=3119 122,3181080,3126923 (last visited May 13, 2019). According to Google Ads, "[t]o get your ads to appear when people search for your product or service, the keywords you choose need to match the words or phrases that people search for. … When a customer searches for a term that matches your keyword, your ad can enter an auction to determine if it will show." *About keywords*, GOOGLE, https://support.google.com/googleads/answer/1704371?hl=en&ref_topic=3119131 (last visited May 13, 2019).

[34]    Justin Elliott and Lucas Waldron, *Here's How TurboTax Just Tricked You Into Paying to File Your Taxes*, PROPUBLICA (Apr. 22, 2019, 5:00 AM), https://www.propublica.org/article/turbotax-just-tricked-you-into-paying-to-file-your-taxes.

54.     The TurboTax Homepage is the top search result for a Google search for "turbotax," and, as shown below, conspicuously advertises: "FREE Guaranteed. $0 Fed. $0 State. $0 To File."



55.     Yet, the TurboTax Homepage lists only four TurboTax products: (1) "Free Edition" ($0 Fed. $0 State. $0 File.); (2) "Deluxe" ($59.99*); (3) "Premier" ($79.99*); and (4) "Self-Employed" ($119.99*).  Nowhere on the TurboTax Homepage is TurboTax "Freedom Edition" mentioned or linked to, even though TurboTax "Freedom Edition" is the fully-functional free online TurboTax product.

56.     The "Help" menu on the TurboTax Homepage links to "Frequently Asked Questions," which includes the question, "How do I know which product is right for me?"  The answer states:

> We have a product for your unique tax situation.  You can select the right product for you from our Products and Pricing page, or we'll help with a product recommendation.  Plus, if you hit a point where another product might be better for you, we'll give you the opportunity to change.  The information you've already entered will transfer automatically.

The answer contains links to the four TurboTax products described above, but does not provide any reference to Freedom Edition or the Free File Program.

57.     ProPublica reported that a former Intuit marketing employee recalled a May 2017 meeting in which one employee proposed that any customer whose information demonstrated

eligibility for the Free File Program would be shown a pop-up window directing them to TurboTax Freedom Edition. The response was laughter and the meeting quickly moved on.[35]

### IV.   Intuit Fraudulently Induced Free File Program-Eligible Filers to Purchase TurboTax Paid Products

58.    Intuit's false advertising of Free Edition and its fraudulent and intentional concealment of the existence, functionality and applicability of Freedom Edition fraudulently induced taxpayers who were otherwise eligible for the Free File Program to upgrade to a paid TurboTax program. ProPublica reported that U.S. taxpayers eligible for a Free File product spend approximately ***$1 billion*** annually in unnecessary filing fees.[36]

59.    Indeed, ProPublica spoke to more than 40 people who stated they sought out TurboTax's free option but ended up paying fees as a result of Intuit's fraudulent conduct.[37] ProPublica's reporting of these incidents demonstrate that Intuit engaged in fraudulent conduct in order to artificially inflate its profits at the expense of consumers, including Plaintiff and members of the Classes.

60.    ProPublica reported that one such victim was an unemployed woman recovering from chemotherapy and her husband who was diagnosed with Parkinson's disease and only works part time.  The couple lives with two disabled sons, and relied on short term loans to make their rent.  Yet, Intuit's unfair, deceptive and fraudulent conduct resulted in a tax preparation and filing fee of almost $200, for a family with an income of $32,877.[38]

---

[35]    Justin Elliot and Paul Kiel, *TurboTax and H&R Block Saw Free Tax Filing as a Threat –and Gutted It*, PROPUBLICA (May 2, 2019, 1:58 PM), https://www.propublica.org/article/intuit-turbotax-h-r-block-gutted-free-tax-filing-internal-memo.

[36]    Tik Root, *Why Are Millions Paying Online Tax Preparation Fees When They Don't Need To?*, PROPUBLICA (June 18, 2018, 5:00 AM), https://www.propublica.org/article/free-file-online-tax-preparation-fees-intuit-turbotax-h-r-block.

[37]    Ariana Tobin, Justin Elliott, and Meg Marco, *Here Are Your Stories of Being Tricked Into Paying by TurboTax. You Often Need the Money*, PROPUBLICA (Apr. 26, 2019, 1:16 PM), https://www.propublica.org/article/here-are-your-stories-of-being-tricked-into-paying-by-turbotax-you-often-need-the-money#.

[38]    *Id.*

CLASS ACTION COMPLAINT                                                                                          14

61.     ProPublica also reported about another individual, employed as an independent contractor, who earned only $5,000 last year, and was deceived into using a TurboTax paid product, resulting in a fee of $103.95, equaling close to this total refund.

62.     Intuit's false advertising, and fraudulent, unfair and deceptive conduct directly contradicts the IRS's stated objective of providing free online preparation and filing for lower-income individuals. Indeed, Intuits purposefully omits and/or conceals material facts regarding the eligibility of taxpayers to use Freedom Edition for free preparation and filing of simple to complicated taxes.

63.     By falsely convincing Free File Program-eligible filers that they were unable to prepare and file their taxes for free, despite the existence of Freedom Edition, Intuit charged Plaintiff and Class members for paid TurboTax products when it should have provided Freedom Edition for free pursuant to the Free File Program.

64.     ProPublica's reporting included more than a dozen individuals that stated that Intuit told them, when asked, that TurboTax Freedom Edition was a government product not run by TurboTax, and that ProPublica's prior reporting on the subject was fictitious.[39]   One such individual provided a recording of a call with a TurboTax agent, in which the agent told the individual that "[Freedom Edition] is an IRS Product we built for [the IRS]," and that "the IRS is the one managing [the software]." [40]   Others reported being told that "[Freedom Edition] was "a government product that is simply branded as TurboTax."[41]

65.     According to ProPublica, another individual—who had been charged $130 by Intuit when her adjusted gross income was $376—even reported being told by Intuit (falsely) that ProPublica was going to retract its prior stories.[42]

66.     Intuit's fraudulent conduct has also prevented the IRS from offering its own free filing service, which would be a direct competitor to TurboTax.

---

[39]     Justin Elliott and Meg Marco, *Listen to TurboTax Lie to Get Out of Refunding Overcharged Customers*, PROPUBLICA, (May 9, 2019, 11:15 AM), https://www.propublica.org/article/listen-to-turbotax-lie-to-get-out-of-refunding-overcharged-customers.

[40]     *Id.*

[41]     *Id.*

[42]     *Id.*

67.     Not only has Intuit misled consumers, but Intuit has relied on fraudulent compliance with the Free File Program to keep the IRS from offering its own free-filing services, which it admits would directly compete with Intuit's paid products, in order to increase its revenues at the epxnse of Plaintiff and Class members.  Intuit's deceptive conduct has ensured that the free filing concept intended by the Free File Program is not available from any reasonably-accessible TurboTax product or government source.  Instead, taxpayers are conned into using Intuit's paid products *and* the IRS is prevented from enacting its own free service.

### TOLLING OF THE STATUTE OF LIMITATIONS AND ESTOPPEL

68.     Any applicable statute of limitations has been tolled by Intuit's knowing and active misrepresentations and omissions alleged herein.  Through no fault or lack of diligence, Plaintiff and members of the Classes were deceived as to the availability of the free tax filing available to them through TurboTax Freedom Edition.

69.     Plaintiff and members of the Classes did not discover and did not know of any facts that would have caused a reasonable person to suspect that Intuit was concealing the true nature and availability of its free tax filing software Freedom Edition, or that Intuit was falsely marketing Free Edition as "free" in order to sell costly upgrades to Intuit paid products.  As alleged herein, the distinction between Free Edition and Freedom Edition was material to Plaintiff and members of the Classes at all relevant times.  Within the time period of any applicable statutes of limitations, Plaintiff and members of the Classes could not have discovered through the exercise of reasonable diligence the steps taken by Intuit to hide this distinction or the existence, functionality and applicability of Freedom Edition for truly free tax preparation and filing through the Free File Program.

70.     Defendant knowingly, actively, and affirmatively concealed the facts alleged herein. Plaintiff and members of the Classes reasonably relied on Defendant's knowing, active, and affirmative concealment.

71.     For these reasons, all applicable statutes of limitations have been tolled based on the discovery rule and Defendant's fraudulent concealment, and Defendant is estopped from relying on any statutes of limitations in defense of this action

## CLASS ACTION ALLEGATIONS

72.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and/or (b)(3) on behalf of the following Class and Sub-Class:

> **Nationwide Class**: All Free File Program-eligible persons or entities in the United States who paid to use a TurboTax product to file an online tax return for the 2002 through 2018 tax filing years.

> **Maryland Sub-Class:** All Free File Program-eligible persons or entities who are Maryland residents, and who paid to use a TurboTax product to file an online tax return for the 2002 through 2018 tax filing years.

73.     Excluded from the Class and Sub-Class are Intuit and its parents, subsidiaries, employees, and corporate affiliates.  Plaintiff reserves the right to revise the definitions of the Class and the Sub-Class based upon subsequently discovered information and reserves the right to establish additional subclasses where appropriate.  The Class and the Sub-Class are collectively referred to herein as the "Classes."

74.     The Classes are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are at least hundreds of thousands of proposed members of the Classes throughout the United States.

75.     Common questions of law and fact exist as to all members of the Classes and predominate over any issues solely affecting individual members of the Classes.  The common and predominating questions of law and fact include, but are not limited to:

- Whether Intuit engaged in fraud or fraudulent concealment;
- Whether Intuit was unjustly enriched by its conduct;
- Whether Intuit's website and/or advertising of Free Edition is false and misleading to reasonable consumers;
- Whether Intuit knowingly failed to comply with the Free File Program;
- Whether any false, misleading, unfair, or deceptive acts or practices of Intuit were likely to and/or did mislead reasonable consumers, including but not limited to Plaintiff and members of the Classes, about the true value and performance of its TurboTax products;

- Whether Plaintiff and members of the Classes suffered damages as a result of Intuit's false and misleading advertising, and unlawful, unfair, fraudulent or deceptive acts or practices;

- Whether Intuit violated the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*;

- Whether Intuit violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

- Whether Intuit violated the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*;

- Whether Intuit violated the Maryland Consumer Protection Act, Md. Code Com. Law § 13-101, *et seq.*;

- Whether Intuit actively concealed material facts from Plaintiff and members of the Classes;

- Whether actual damages, statutory damages, restitution, equitable, injunctive, or other relief is warranted.

76.    Plaintiff's claims are typical of the claims of the Classes Plaintiff seeks to represent. As alleged herein, Plaintiff and the Classes sustained damages arising out of the same unlawful actions and conduct by Intuit.

77.    Plaintiff is willing and prepared to serve the Classes in a representative capacity with all of the obligations and duties material thereto.  Plaintiff will fairly and adequately protect the interests of the Classes and has no interests adverse to or in conflict with the interests of the other members of the Classes.

78.    Plaintiff's interests are co-extensive with and are not antagonistic to those of absent members within the Classes.  Plaintiff will undertake to represent and protect the interests of absent members within the Classes and will vigorously prosecute this action.

79.    Plaintiff has engaged the services of the undersigned counsel.  Counsel is experienced in complex litigation, will adequately prosecute this action and will assert and protect the rights of, and otherwise represent, Plaintiff and absent members of the Classes.

CLASS ACTION COMPLAINT                                                                                    18

80.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this litigation that would preclude its maintenance as a class action.

81.     Class action status is warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

82.     The Classes may also be certified under Rule 23(b)(2) because Intuit has acted on grounds generally applicable to the Classes, thereby making it appropriate to award final injunctive relief or corresponding declaratory relief with respect to the Classes.

83.     The interests of members of the Classes in individually controlling the prosecution of separate actions is theoretical and not practical.  The Classes have a high degree of similarity and are cohesive, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

<div align="center">

**COUNT I**
**Fraud or Fraudulent Concealment**
**(On behalf of Plaintiff and the Nationwide Class)**

</div>

84.     Plaintiff incorporates by reference and realleges the foregoing paragraphs as if set forth fully herein.

85.     Plaintiff brings this count on behalf of herself and the members of the Nationwide Class or, alternatively, on behalf of the Maryland Sub-Class.

86.     Defendant fraudulently concealed and suppressed material facts regarding Plaintiff's and Class members' eligibility to use the fully-functional free tax product offered by TurboTax—TurboTax Freedom Edition.  Instead, Intuit steered its customers who qualified for the Free File Program to TurboTax Free Edition, a product with limited functionality, and fraudulently misrepresented that upgraded costly products were necessary in order to complete tax preparation and filing—products that caused Plaintiff and Class members to expend monies where they otherwise would not if Intuit had disclosed the existence, functionality and/or applicability of its Freedom Edition product.

87.     Intuit had a duty to disclose the existence of its Freedom Edition product, the fact that Freedom Edition could be used to prepare and file simple to complicated taxes (unlike Free Edition), and that Freedom Edition was offered free of charge as a result of the Free File Program.

88.     Intuit had exclusive and/or far superior knowledge and access to the facts regarding the Free File Program and the existence of its Freedom Edition product than Plaintiff and members of the Class, and Defendant knew the facts regarding its various products that were not known to or reasonably discoverable by Plaintiff and members of the Class.

89.     Intuit intentionally concealed the foregoing from Plaintiff and members of the Class and made incomplete or fraudulent representations about the availability, applicability and cost of its TurboTax products, while purposefully withholding material facts regarding the eligibility of Plaintiff and Class members to use Freedom Edition for free preparation and filing of simple to complicated taxes that contradicted these representations.

90.     A reasonable person purchasing online tax preparation and filing services would consider these misrepresentations, omissions and concealed facts material because they would be relied on, and because they directly impact the prices paid by consumers, including Plaintiff and Class members.  The cost of services is a material concern to a consumer, *particularly when that consumer is entitled to those services for free*.  Plaintiff and Class members would not reasonably expect Intuit to take steps to actively prevent them from accessing the free TurboTax Freedom Edition, deceive them about the existence and/or applicability of Freedom Edition and/or the Free File Program, and/or use bait-and-switch tactics to pressure filers entitled to free services to unnecessarily pay for Defendant's paid products.

91.     Intuit concealed and suppressed the distinction between Freedom Edition and Free Edition to falsely convince Free File Program-eligible filers that they were unable to prepare and file their taxes for free, despite Defendant's participation in the Free File Program, and to charge Plaintiff and Class members for tax preparation and filing through other TurboTax paid products.

92.     Defendant fraudulently misrepresented, omitted, and/or actively concealed and suppressed these material facts, in whole or in part, to protect its profits.  Defendant concealed these facts at the expense of Plaintiff and members of the Class, all the while reaping the benefits of the

1   IRS's agreement to refrain from offering its own free filing services as a result of Intuit's agreement

2   to participate in the Free File Program.

3         93.    Plaintiff and Class members were unaware of these fraudulent misrepresentations

4   and/or omitted or concealed material facts, and would not have paid Intuit to prepare and file their

5   returns had they known of Defendant's fraudulent misrepresentations and/or omitted, concealed or

6   suppressed facts.

7         94.    Had they been aware of the existence, functionality and/or applicability of TurboTax

8   Freedom Edition, or the costs associated with the use of TurboTax Free Edition and associated

9   product upgrades, Plaintiff and Class members would not have paid Intuit to prepare and file their

10   taxes, would have received free services through Freedom Edition, and/or would have used another

11   provider entirely.

12         95.    Because of Intuit's fraudulent misrepresentations and/or omitted or concealed material

13   facts, Plaintiff and members of the Classes sustained damage because they paid for services they

14   should have received—and Defendant agreed with the IRS to offer—for free.  Intuit made these

15   fraudulent misrepresentations and/or omitted or concealed material facts in order to artificially inflate

16   profits at the expense of Plaintiff and Class members.

17         96.    Accordingly, Defendant is liable to Plaintiff and members of the Classes for damages

18   in an amount to be proven at trial.

19         97.    Intuit's acts were done maliciously, oppressively, deliberately, with intent to defraud,

20   and in reckless disregard of Plaintiff's and the Class's rights and well-being, and with the aim of

21   enriching Defendant.  Defendant's conduct, which exhibits the highest degree of reprehensibility,

22   being intentional, continuous, and targeted at those filers most in need of free services, warrants an

23   assessment of punitive damages in an amount sufficient to deter such conduct in the future, which

24   amount is to be determined according to proof.

25

26

27

28

**COUNT II**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Nationwide Class)**

98.     Plaintiff incorporates by reference and realleges the foregoing paragraphs as if set forth fully herein.

99.     Plaintiff brings this count on behalf of herself and the members of the Nationwide Class.

100.    Defendant has received and retained unjust benefits from Plaintiff and members of the Class and inequity has resulted.

101.    Defendant benefitted through its unjust conduct, by deceptively selling Defendant's paid products to tax filers eligible for the Free File Program, while actively concealing the existence of TurboTax Freedom Edition and deceptively redirecting Class members' attempts to access Freedom Edition to Free Edition and Defendant's paid products, resulting in Plaintiff and members of the Class overpaying for services to which they were entitled for free.

102.    It is inequitable and unconscionable for Defendant to retain these ill-gotten gains and there is no adequate remedy at law.

103.    Because Intuit concealed its fraud and deception, Plaintiff and Class members were not aware of the true facts concerning their eligibility to receive free tax preparation and filing from Intuit through the Free File Program and TurboTax Freedom Edition and did not benefit from Defendant's misconduct.

104.    As a result of the Defendant's conduct, the amount of its unjust enrichment should be disgorged and returned to Plaintiff and Class members, in the amount of all monies paid by Plaintiff and Class members to Intuit, and in an amount to be proven at trial.

**COUNT III**
**Violations of the California Unfair Competition Law**
**(Cal. Bus. & Prof. Code §17200, *et seq.*)**
**(On behalf of Plaintiff and the Nationwide Class)**

105.    Plaintiff brings this claim on behalf of all members of the Classes.

106.    California's Unfair Competition Law ("UCL"), California Business and Professions Code §17200, prohibits any "unlawful, unfair, or fraudulent business act or practices."

107.    Defendant is a person under Cal. Bus. & Prof. Code § 17201.

108.    In the course of its business, Defendant violated the UCL by engaging in unlawful, fraudulent, and unfair and deceptive business acts and practices. Defendant violated each prong of the UCL.

109.    Specifically, Intuit violated the fraudulent prong of the UCL by, *inter alia*, knowingly and intentionally fraudulently misrepresenting and concealing from Plaintiff and members of the Class that TurboTax Free Edition is not a Free File Program-compliant product, offers limited functionality and requires consumers to upgrade to costly paid products for anything other than the most basic tax returns.   Intuit also violated the fraudulent prong of the UCL by fraudulently misrepresenting, omitting and concealing the existence, functionality and applicability of Freedom Edition.

110.    Intuit violated the unlawful prong of the UCL by violating California statutory and common law prohibiting false advertising, unfair and deceptive trade practices, fraud and fraudulent concealment, including *inter alia*, the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* and the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*

111.    Intuit violated the unfair prong of the UCL because the acts and conduct alleged herein offend established public policy, and are immoral, unethical, unscrupulous or substantially injurious, and the harm Intuit caused to consumers greatly outweighs any benefits associated with its practices.

112.    In addition, Intuit violated the UCL by, *inter alia*, hiding its Free File Program-complaint product from the public, inserting code into its website for Freedom Edition that would prevent the product from appearing in online search results so that if taxpayers looking to use TurboTax's Free File Program tried to use a search engine to find it, they would be directed to Free Edition and TurboTax's other, paid products, and not the free service that they sought, and not providing a link from its website to access Freedom Edition. This conduct was taken by Intuit to artificially inflate profits and deprive low-income consumers of a free product.

113.    Intuit further violated the UCL by marketing Defendant's functionally-limited TurboTax Free Edition as "free," while concealing the existence, availability, and functionality of TurboTax Freedom Edition and marketing paid products to consumers when they were unable to prepare their taxes for free due to the limited functionality of Free Edition.  Intuit marketed Free Edition with the intent to confuse consumers with the Free File Program-complaint product—Freedom Edition.

114.    Intuit fraudulently misrepresented that paid products were required when Freedom Edition could have been used to prepare and file taxes for free, and only informed customers of the need to purchase paid products after they went through the time-consuming process of entering personal information into Free Edition. Once this occurred, there was no easy way to transfer that information to Freedom Edition.

115.    Defendant's fraudulent scheme, material omissions and concealment of the true characteristics of TurboTax Free Edition and the existence, availability, and functionality of TurboTax Freedom Edition were material to Plaintiff and the Class.  Intuit fraudulently misrepresented, concealed, and/or failed to disclose the truth regarding Freedom Edition and Free Edition with the intent that Plaintiff and Class members would rely on the misrepresentations, concealments, and omissions.

116.    Had they known the truth, Plaintiff and Class members would have used Freedom Edition to prepare and file their taxes for free (as Intuit promised the IRS), would not have used Free Edition, and/or would not have been fraudulently induced to pay Intuit for use of its paid products.

117.    Plaintiff and Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's fraudulent misrepresentations, omissions, concealment of and failure to disclose material information, and violations of California common and statutory law, including, *inter alia*, all monies paid to Intuit for tax preparation and filing.

118.    Defendant acted knowingly, intentionally and/or with reckless disregard for the rights of Plaintiff and Class members. Intuit's fraudulent, unfair, and unlawful conduct continues to this day.

119.     Plaintiff and Class members seek declaratory, injunctive and equitable relief, including restitution and/or restitutionary disgorgement, and any other just and proper relief available under the UCL.

**COUNT IV**
**Violations of the California Consumers Legal Remedies Act**
**(Cal. Civ. Code § 1750, *et seq.*)**
**(On behalf of Plaintiff and the Nationwide Class)**

120.     Plaintiff incorporates by reference and realleges the foregoing paragraphs as if set forth fully herein.

121.     Plaintiff brings this claim on behalf of herself and members of the Nationwide Class.

122.     California's Consumers Legal Remedies Act ("CLRA"), Cal Civ. Code §1750, *et seq.*, prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

123.     The TurboTax tax preparation and filing services provided by Intuit are "services" as defined in Cal. Civ. Code §1761(b).

124.     Plaintiff and Class members are "consumers" as defined in Cal. Civ. Code §1761(d), and Defendant is a "person" as defined in Cal. Civ. Code §1761(c).

125.     As alleged above, Defendant made material misrepresentations concerning the true characteristics of the TurboTax Free Edition and concealed, attempted to conceal, and reduced access to TurboTax Freedom Edition in order to artificially inflate profits by deceiving consumers into purchasing unnecessary paid products.

126.     In purchasing Defendant's paid products, Plaintiff and Class members were deceived by Defendant's failure to disclose the availability and functionality of TurboTax Freedom Edition.

127.     Defendant has engaged in unfair or deceptive acts or practices that violated Cal. Civ. Code § 1750, *et seq.*, as described herein, by among other things, representing that Free Edition has characteristics, uses, benefits, and qualities which it does not have; representing that Free Edition is of a particular standard, quality, and grade when it is not; advertising Free Edition, Freedom Edition, and its paid products with the intent not to sell or lease them as advertised and representing that the

subject of a transaction involving them has been supplied in accordance with a previous representation when it has not.

128.    In the course of their business, Defendant failed to disclose and actively concealed the availability and functionality of Freedom Edition and the costs associated with using Free Edition for preparing anything other than the most basic returns, and otherwise engaged in activities with a tendency or capacity to deceive.

129.    Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of material facts with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of its tax preparation and filing products and services.

130.    Defendant knew that its choice of names and marketing of Free Edition was confusing to customers, fraudulently misrepresented or omitted the differences between Free Edition, Freedom Edition and its paid products, and failed to disclose and actively concealed those differences as well the ability of Plaintiff and Class members to use Freedom Edition for fully free tax preparation and filing pursuant to the Free File Program.

131.    By failing to disclose and by actively concealing the differences between TurboTax Freedom Edition and its other products, by marketing TurboTax Free Edition as free and of high quality (when it was in fact of limited functionality, leading to additional costs), and by presenting themselves as a reputable tax return services provider, Defendant engaged in unfair or deceptive business practices in violation of the CLRA.  Defendant deliberately withheld the information about, and access to, TurboTax Freedom Edition, in order to ensure that consumers would purchase services that were available to those same consumers for free through the Free File Program.

132.    In the course of Defendant's business, it willfully failed to disclose and actively concealed the distinctions and costs discussed above.  Defendant compounded the deception by repeatedly asserting that the TurboTax Free Edition allowed consumers to file for free, when in fact the product was useless of the majority of taxpayers

133.    Defendant's unfair or deceptive acts or practices, including these misrepresentations, concealments, omissions, and suppressions of material facts, had a tendency or capacity to mislead,

1    tended to create a false impression in consumers, and were likely to and did in fact deceive reasonable

2    consumers, including Plaintiff and Class members.

3        134.    Defendant intentionally and knowingly misrepresented material facts regarding the

4    distinction between the different editions of TurboTax with an intent to mislead Plaintiff and the

5    members of the Class.

6        135.    Defendant knew or should have known that its conduct violated the CLRA.

7        136.    As alleged above, Defendant made material statements about the true cost of

8    TurboTax Free Edition that were either false or misleading.

9        137.    To protect its profits, Defendant concealed the true cost of TurboTax Free Edition, as

10   well as the existence, availability, and functionality of TurboTax Freedom Edition, and caused

11   unsuspecting consumers—entitled to file their returns for free—to pay for products that they did not

12   need.

13       138.    Defendant owed Plaintiff and Class members a duty to disclose the true costs

14   associated with TurboTax Free Edition, as well as the existence, availability, and functionality of

15   TurboTax Freedom Edition, because Defendant (1) had exclusive and/or far superior knowledge and

16   access to the facts regarding the Free File Program, Free Edition, and Freedom Edition than Plaintiff

17   and members of the Classes; (2) knew the facts regarding its various products that were not known

18   to or reasonably discoverable by Plaintiff and Class members; (3) intentionally concealed the

19   foregoing from Plaintiff and Class members; and (4) made incomplete or fraudulent representations

20   about the cost of its services, while purposefully withholding material facts regarding the eligibility

21   of Plaintiff and Class members for truly free filing that contradicted these representations.

22       139.    Defendant's failure to disclose and active concealment of the true costs associated

23   with TurboTax Free Edition, as well as the existence, availability, and functionality of TurboTax

24   Freedom Edition, were material to the members of the Classes.  Had these material facts been

25   disclosed, Plaintiff and the Classes would have used Freedom Edition at no cost, would not have paid

26   Defendant to prepare or file their taxes, and/or would have used another provider entirely.

27       140.    Plaintiff and the members of the Classes suffered ascertainable loss caused by

28   Defendant's misrepresentations and its failure to disclose material information.  Plaintiff and Class

CLASS ACTION COMPLAINT                                                                              27

members had no way of discerning that Defendant's representations were false and misleading, or otherwise learning the facts that Defendant had concealed or failed to disclose.

141.   Defendant's violations were willful and oppressive and are ongoing such that injunctive relief is sought and warranted.

142.   Defendant's unlawful acts and practices complained of herein affect the public interest.

143.   As a direct and proximate result of Defendant's violations of the CLRA, the members of the Classes have suffered injury-in-fact and/or actual damage.

144.   In accordance with section 1782(a) of the CLRA, Plaintiff will serve Defendant with notice of her and the Class's claims and demand that Defendant correct or agree to correct the actions described therein. If Defendant fails to do so, Plaintiff will amend this Complaint to seek compensatory and actual damages to which Plaintiff and Class members are entitled.

**COUNT V**
**Violations of the California False Advertising Law**
**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**
**(On behalf of Plaintiff and the Nationwide Class)**

145.   Plaintiff incorporates by reference and realleges the foregoing paragraphs as if set forth fully herein.

146.   Plaintiff brings this claim on behalf of herself and the Nationwide Class.

147.   Cal. Bus. & Prof. Code §17500 (the "FAL") states: "It is unlawful for any … corporation … with intent directly or indirectly to dispose of real or personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, … or in any other manner or means whatever, including over the Internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

148.   Intuit caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and

which were known, or which by the exercise of reasonable care should have been known to Intuit, to be untrue and misleading to consumers, including Plaintiff and Class members.

149.   Intuit violated Cal. Bus. & Prof. Code §17500 because the misrepresentations and omissions regarding the true cost of TurboTax Free Edition, as well as the existence, availability, and functionality of TurboTax Freedom Edition, were material to Plaintiff and Class members, were likely to deceive a reasonable consumer, and deceived Plaintiff and Class members.

150.   As a direct and proximate result of Intuit's untrue and misleading advertisements, Plaintiff and Class members have suffered an injury in fact, including the loss of money or property. In using Defendant's paid products, Plaintiff and Class members relied on Defendant's untrue and misleading advertisements with respect to the true costs associated with TurboTax Free Edition, as well as the existence, availability, and functionality of TurboTax Freedom Edition.  Had Class members known they could use Freedom Edition to prepare and file simple to complicated taxes for free, they would not have paid for Defendant's paid products.  Accordingly, Class members overpaid for Defendant's services and did not receive the benefit of the Free File Program.

151.   The wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.  Defendant's wrongful conduct is part of a course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

152.   Plaintiff and Class members seek injunctive relief, restitution, and such other relief as is available under the FAL.

**COUNT VI**
**Violations of the Maryland Consumer Protection Act**
**(Md. Code Com. Law § 13-101, *et seq.*)**
**(On behalf of Plaintiff and the Maryland Sub-Class)**

153.   Plaintiff incorporates by reference and realleges the foregoing paragraphs as if set forth fully herein.

154.   Plaintiff brings this Count on behalf of herself and the Maryland Sub-Class.

155.   Defendant is a "person" within the meaning of Md. Code Com. Law § 13- 101(h).

156.   Plaintiff and members of the Maryland Sub-Class are "consumers" within the meaning of Md. Code Com. Law § 13-101(c)(1).

CLASS ACTION COMPLAINT                                                                                     29

157.   Defendant's TurboTax products are "consumer services" within the meaning of Md. Code Com. Law § 13-101(d)(1).

158.   Intuit's actions as set forth herein occurred in the conduct of trade or commerce.

159.   The Maryland Consumer Protection Act ("Maryland CPA") provides that a person may not engage in any unfair or deceptive trade practices in the sale of any consumer service. Md. Code Com. Law § 13-303.

160.   The Maryland CPA makes unlawful several specific acts, including, but not limited to: "representing that [c]onsumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have"; "representing that [c]onsumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not"; and "fail[ing] to state a material fact if the failure deceives or tends to deceive." Md. Code Com. Law § 13-301.

161.   In the course of its business, Intuit violated the Maryland CPA by knowingly misrepresenting and intentionally concealing material facts concerning the true cost of TurboTax Free Edition, as well as the existence, availability, and functionality of TurboTax Freedom Edition, as detailed herein.  Specifically, in marketing, offering for sale, and selling its services, Defendant engaged in one or more of the following unfair or deceptive acts or practices as defined in Md. Code Com. Law § 13-301: (1) representing that Intuit's Free Edition and paid products have characteristics or benefits which they do not have; (2) representing that Intuit's Free Edition and paid products are of a particular standard and quality, when they are not; and/or (3) advertising Freedom Edition, Free Edition and TurboTax paid products with the intent not to sell them as advertised.

162.   Defendant's scheme and concealment of the true costs associated with TurboTax Free Edition, as well as the existence, availability, and functionality of TurboTax Freedom Edition were material to Plaintiff and the Maryland Sub-Class, and Defendant misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the Maryland Sub-Class would rely on the misrepresentations, concealments, and omissions.  Had they known the truth, Plaintiff and the Maryland Sub-Class would have used Freedom Edition to prepare and file their taxes for free, would not have used Defendant's paid products, or would have filed their taxes with another provider.

1   Accordingly, Class members overpaid for Defendant's services and did not receive the benefit of the

2   Free File Program.

3   163.   Plaintiff and the Maryland Sub-Class members had no way of discerning that

4   Defendant's representations were false and misleading, or otherwise learning the facts that Defendant

5   concealed or failed to disclose, particularly in light of Defendant's manipulation of search engine

6   results and fraudulent concealment of Freedom Edition.

7   164.   Defendant had an ongoing duty to Plaintiff and the Maryland Sub-Class to refrain

8   from unfair and deceptive practices under the Maryland CPA in the course of its business.

9   Specifically, Defendant owed Plaintiff and the Maryland Sub-Class members a duty to disclose all

10  material facts concerning its tax preparation and filing products because it possessed exclusive

11  knowledge, it intentionally concealed such material facts from Plaintiff and the Maryland Sub-Class,

12  and/or it made misrepresentations that were rendered misleading because they were contradicted by

13  withheld facts.

14  165.   Intuit intentionally and knowingly misrepresented material facts regarding its tax

15  preparation and filing products with the intent to mislead Plaintiff and the Maryland Sub-Class.

16  166.   Intuit's unfair or deceptive acts or practices were likely to and did in fact deceive

17  reasonable consumers, including Plaintiff and members of the Maryland Sub-Class.

18  167.   Intuit knew or should have known that its conduct violated the Maryland CPA.

19  168.   Intuit's unlawful acts and practices complained of herein affect the public interest.

20  169.   Plaintiff and the Maryland Sub-Class members suffered ascertainable loss and actual

21  damages as a direct and proximate result of Defendant's unfair and deceptive practices, concealment,

22  misrepresentations, and/or failure to disclose material information.

23  170.   Pursuant to Md. Code Com. Law § 13-408, Plaintiff and the Maryland Sub-Class seek

24  actual damages, attorneys' fees, and any other just and proper relief available under the Maryland

25  CPA.

26

27

28

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff and the Class and Sub-Class, and award the following relief:

A.      An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as the representatives of the Class and Sub-Class, and Plaintiff's counsel as counsel for the Class and Sub-Class;

B.      An order awarding declaratory relief and enjoining Defendant from continuing the unlawful, deceptive, fraudulent, harmful, and unfair business conduct and practices alleged herein;

C.      Injunctive and equitable relief in the form of notifying eligible taxpayers, providing a direct link on the TurboTax website and properly advertising Freedom Edition to eligible participants, and fully reimbursing and making whole Plaintiff and all members of the Classes for all costs paid to Intuit and economic losses;

D.      A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

E.      An order awarding costs, restitution, disgorgement, punitive damages, and exemplary damages under applicable law, and compensatory damages for economic loss and out-of-pocket costs in an amount to be determined at trial;

F.      An order awarding any applicable statutory and civil penalties;

G.      A declaration that Defendant is required to engage in corrective advertising;

H.      An order requiring Defendant to pay both pre-and post-judgment interest on any amounts awarded;

I.      An award of costs, expenses and attorneys' fees as permitted by law; and

J.      Such other or further relief as the Court may deem appropriate, just, and equitable.

1

**DEMAND FOR JURY TRIAL**

2    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and

3 all issues in this action so triable of right.

4

5 DATED: May 13, 2019        Respectfully submitted,

6                  **KESSLER TOPAZ**
                   **MELTZER & CHECK, LLP**

7

8                  */s/ Eli R. Greenstein*
                  Eli R. Greenstein (Bar No. 217945)

9                  egreenstein@ktmc.com
                  Stacey M. Kaplan (Bar No. 241989)

10                 skaplan@ktmc.com
                 Jenny Paquette (Bar No. 321561)

11                 jpaquette@ktmc.com
                 One Sansome Street, Suite 1850

12                 San Francisco, CA 94104
                 Telephone: (415) 400-3000

13                 Facsimile: (415) 400-3001

14                 - and –

15                 **KESSLER TOPAZ**
                  **MELTZER & CHECK, LLP**

16                 Joseph H. Meltzer
                 jmeltzer@ktmc.com

17                 Melissa L. Troutner
                 mtroutner@ktmc.com

18                 Natalie Lesser
                 nlesser@ktmc.com

19                 280 King of Prussia Road
                 Radnor, PA 19087

20                 Telephone: (610) 667-7706
                 Facsimile: (610) 667-7056

21                 *Attorneys for Plaintiff and the*
                 *Proposed Classes*

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT                     33